OPINION OF THE COURT
Memorandum.
Order, insofar as appealed from, reversed on the law, accusatory instrument reinstated and matter remanded to the court below for all further proceedings.
The factual allegations of the information provide reasonable cause to believe that the defendant violated section 482 of the Judiciary Law. Essentially, the information alleges that the informant had referred cases to the defendant in the past for a fee, and that in this instance the informant told the defendant he had a case to refer to him, was told by the defendant to bring him in, and after the client signed a retainer, the defendant paid the informant for the referral.
The Criminal Court concluded that the information did not establish that the defendant employed the informant “to aid, assist or abet in the solicitation of business.” While the allegations of the information do not allege affirmative acts of the informant to persuade someone to pursue a legal action, they do allege affirmative acts to steer potential clients to the defendant, in exchange for payment. In this regard, it is noted that the information alleges that, at the behest of the defendant, the informant escorted the undercover officer posing as a potential client to the defendant’s office in order to have him sign a retainer with the defendant. There is no basis for concluding that the act of solicitation, as meant in section 482 of the Judiciary Law, requires the solicitor to convince the “client” of the need for an attorney. Rather, an attorney who pays an individual to recommend himself or herself violates the *1005 statute. The Criminal Court was correct in its statement that “the mere fact that an investigator comes into contact with a potential client who may need a referral to a lawyer does not, by itself* * * mean that the investigator actually affirmatively solicited that client for the lawyer.” However, an investigator who comes into contact with a potential client who needs an attorney, and recommends him specifically to the attorney who pays him for referrals, has solicited a client on the attorney’s behalf (see, Matter of Rapport & Whitbeck, 186 AD2d 344, 347 [“improper solicitation may be found even though the potential client actually wanted and needed an attorney”]), and the attorney who pays him for that referral has employed a person to solicit business in violation of Judiciary Law § 482 (see, People v Kramer, 132 AD2d 708, 709 [2d Dept 1987] [evidence that defendant had “a network of ‘chasers’ who referred automobile accident victims to his law office” in return for payment, sufficient to support conviction of violation of Judiciary Law § 482], affd, 72 NY2d 1003).
The information alleges that the defendant had paid the informant for referrals in the past, and that after he paid the informant in this instance, they discussed payment for future referrals, which (if true) is sufficient to establish that the defendant employed an informant to solicit business for him. Thus, in People v Schneider (20 AD2d 408, 410 [1st Dept 1964]), the Court, discussing former section 270-a of the Penal Law [now Judiciary Law § 479] which prohibited “soliciting business on behalf of an attorney,” stated that “[fit is clear enough that where there is a prior arrangement between lawyer and layman for the recommendation of legal business, or where there is the giving and receiving of any compensation for such recommendation the statute applies.” In the instant case, the information alleges both a prior arrangement, wherein the informant had been paid by the defendant for referrals in the past, and the giving and receiving of compensation for the recommendation of the defendant to the undercover officer. Although section 270-a of the Penal Law criminalized the act of the person who solicited clients for an attorney, the Court’s discussion in Schneider of the proof required to establish illegal solicitation is equally applicable to Judiciary Law § 482, which prohibits an attorney from employing an individual to solicit business on his or her behalf. Based upon all of the foregoing, the information was facially sufficient to charge the defendant with a violation of Judiciary Law § 482.
Finally, contrary to the finding of the Criminal Court, Judiciary Law § 482 is not unconstitutional as applied to the de *1006 fendant. The United States Supreme Court, in Ohralik v Ohio State Bar Assn. (436 US 447 [1978]), upheld the prohibition against in-person solicitation of legal business for remuneration by an attorney against constitutional attack, based upon the important State interests which support the ban. The Court also noted that “[although our concern in this case is with solicitation by the lawyer himself, solicitation by a lawyer’s agents or runners would present similar problems” (see, supra, at 465, n 22).